## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

KARMEN LEE DAVIS,

        Plaintiff,

   v.

ARCELORMITTAL BURNS HARBOR,
LLC,

        Defendant.

Civil Action No. 2:18-cv-00318-JTM-JEM

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
## PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

NOW COMES DEFENDANT ARCELORMITTAL USA LLC ("ArcelorMittal"),

improperly sued as ARCELORMITTAL BURNS HARBOR, LLC, by and through its attorneys,

Seyfarth Shaw LLP, provide the following answers and defenses to Plaintiff Karmen Lee Davis's

("Plaintiff") Complaint for Damages and Injunctive Relief ("Complaint").  All allegations not

specifically admitted herein are denied.

## COMPLAINT ¶I:

### INTRODUCTION

This is a civil action brought by Plaintiff, Karmen Lee Davis, against her employer, Arcelormittal Burns Harbor, LLC, because of policies and practices which caused and continue to cause Plaintiff to suffer discrimination in her pursuit of employment based on her disability in violation of federal discrimination laws causing Plaintiff to suffer mental anguish, humiliation and diminishment of her quality of life and lost employment opportunities, advancement, income and other benefits.

Plaintiff seeks redress for the discrimination practiced against her because of her well known and established disabilities which Defendant repeatedly refused to accommodate.

For her relief, Plaintiff asks for injunctive relief, damages for her physical and mental injuries including lost income and extra expenses she incurred, prejudgment and postjudgment interest, litigation expenses, costs, and attorney fees.

**ANSWER:**

ArcelorMittal admits that Plaintiff purports to bring this lawsuit based upon supposed disability discrimination and lack of accommodation.  ArcelorMittal admits that Plaintiff's Complaint purports to seek certain monetary and injunctive relief.  ArcelorMittal denies the remaining allegations in these unnumbered introductory paragraphs of the Complaint, and specifically denies that ArcelorMittal Burns Harbor LLC employed Plaintiff.

**COMPLAINT ¶II(A):**

**JURISDICTION AND VENUE**

This action arises under the provisions of Title I of the Americans with Disabilities Act of 1990 (ADA, 42 USC §12111), as amended by the ADA Amendments Act of 2008 (ADAAA). *See* 42 USC §12101 *et. seq.*

**ANSWER:**

ArcelorMittal admits that Plaintiff purports to invoke statutory provisions to support its filing of this lawsuit in federal court.  ArcelorMittal admits that the cited Title I of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, authorizes the claims being pursued by Plaintiff.  ArcelorMittal denies the remaining allegations contained in paragraph II(A) of the Complaint.

**COMPLAINT ¶II(B):**

This Court has jurisdiction of this cause under the provisions of 28 USC §§1331 and 1343.

**ANSWER:**

ArcelorMittal admits that the United States District Court for the Northern District of Indiana has jurisdiction over this matter.  ArcelorMittal denies the remaining allegations in paragraph II(B) of the Complaint.

**COMPLAINT ¶II(C):**

Venue is proper under 28 USC §1391 in that this action is being brought in the Northern District of the State of Indiana which is where Defendant does business and employed Plaintiff and where the cause of action arises.

**ANSWER:**

ArcelorMittal admits that the United States District Court for the Northern District of

Indiana is a proper venue.  ArcelorMittal denies the remaining allegations in paragraph II(C) of

the Complaint.

**COMPLAINT ¶II(D):**

Declaratory and injunctive relief is authorized pursuant to 28 USC §§2201 and 2202 and Federal Rules of Civil Procedure, Rules 57 and 65.

**ANSWER:**

Paragraph II(D) states legal conclusions concerning statutory and procedural rules that

speak for themselves, to which no response is required.  To the extent this paragraph asserts

allegations beyond a mere statement of the identified statutes and rules, ArcelorMittal denies

such allegations.

**COMPLAINT ¶II(E):**

Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) as Charge Number 846-201730278 on September 6, 2017, and amended on or about January 15, 2018.  The EEOC issued a "Notice of Right to Sue" to Plaintiff on or about May 29, 2018, which she received on or after June 4, 2018.

**ANSWER:**

ArcelorMittal admits that Plaintiff filed a Charge of Discrimination with the EEOC on

September 6, 2017.  ArcelorMittal lacks sufficient information to respond to the remaining

allegations contained in Paragraph II(E) of the Complaint.  To the extent a response is required,

ArcelorMittal denies the remaining allegations contained in Paragraph II(E) of the Complaint.

**COMPLAINT ¶III:**

Plaintiff requests that this matter be tried by jury as to damages.

**ANSWER:**

ArcelorMittal admits that Plaintiff's Complaint purports to seek trial by jury as to damages.  ArcelorMittal denies the remaining allegations contained in Paragraph III of the Complaint.

**COMPLAINT ¶IV:**

Plaintiff is Karmen Lee Davis (Karmen), an individual who resided throughout her employment with Defendant and still resides in Portage, Indiana.

**ANSWER:**

ArcelorMittal lacks sufficient information to respond to the allegations contained in Paragraph IV of the Complaint.  To the extent a response is required, ArcelorMittal denies the allegations contained in Paragraph IV of the Complaint.

**COMPLAINT ¶V(1):**

Arcelormittal Burns Harbor, LLC (Defendant) does business in Indiana as a "foreign limited liability company" formed in Delaware, It[sic] has at least fifteen employees.

**ANSWER:**

ArcelorMittal admits that ArcelorMittal Burns Harbor LLC does business in Indiana as a "foreign limited liability company" formed in Delaware, and it has at least fifteen employees. ArcelorMittal denies that Plaintiff was ever employed by ArcelorMittal Burns Harbor LLC, and denies the remaining allegations contained in paragraph V(1) of the Complaint.

**COMPLAINT ¶V(2):**

Defendant is a steel making facility; and

**ANSWER:**

ArcelorMittal admits the allegations contained in paragraph V(2) of the Complaint.

4

**COMPLAINT ¶V(3):**

Is being sued for damages, injunctive and other relief.

**ANSWER:**

ArcelorMittal admits that Plaintiff purports to sue it for damages, injunctive and other

relief.  ArcelorMittal denies the remaining allegations of paragraph V(3) of the Complaint.

**COMPLAINT ¶VI(A):**

**UNDERLYING FACTS**

On or about March 4, 2013, Karmen started working for Defendant as a laborer in the
2BOF East side of the plant at 3210 Watling Street, East Chicago, IN 46312;

**ANSWER:**

ArcelorMittal admits that Plaintiff began work on or about March 4, 2013 as a laborer in

No. 2 Steel Producing of its plant at 3210 Watling Street, East Chicago, IN 46312. ArcelorMittal

denies the remaining allegations of Paragraph VI(A) of the Complaint.

**COMPLAINT ¶VI(B):**

In June of 2014, Karmen was working as a Hot Metal Pourer when she was involved in a
bad accident for which she had to take medical leave until July of 2014.

**ANSWER:**

ArcelorMittal admits that Plaintiff had an accident in June 2014 while working as an

Operating Technician executing the Pourer Hot Metal tasks, and that she took medical leave as a

result, from which she returned to work in July 2014.  ArcelorMittal denies the remaining

allegations contained in paragraph VI(B) of the Complaint.

**COMPLAINT ¶VI(B)(1):**

The accident involved Karmen's fall into a thirty-two foot pit nearly costing her her life
and resulting in several surgeries and ongoing treatment.

**ANSWER:**

ArcelorMittal admits that Plaintiff's accident involved her falling into a pit.

ArcelorMittal lacks sufficient information to respond to the remaining allegations contained in

Paragraph VI(B)(1) of the Complaint.  To the extent a response is required, ArcelorMittal denies

the remaining allegations contained in Paragraph VI(B)(1) of the Complaint.

**COMPLAINT ¶VI(B)(2):**

Karmen was badly injured and placed on restrictions for her injuries which included
PTSD (post-traumatic stress disorder), post concussive trauma with migraines and physical
injuries.

**ANSWER:**

ArcelorMittal admits that Plaintiff was injured as a result of her accident and her doctors

placed certain physical restrictions on her work.  ArcelorMittal denies the remaining allegations

of Paragraph VI(B)(2) of the Complaint.

**COMPLAINT ¶VI(B)(3):**

The restrictions included no lifting over 30 pounds, no repetitive overhead work and no
prolonged walking.

**ANSWER:**

ArcelorMittal admits the allegations of Paragraph VI(B)(3) of the Complaint.

**COMPLAINT ¶VI(B)(4):**

Karmen eventually returned to work in November of 2014 at the same Scrap Inspector
position she held before.

**ANSWER:**

ArcelorMittal admits that Plaintiff was an Operating Technician executing Scrap

Inspector tasks in November 2014.  ArcelorMittal denies the remaining allegations of Paragraph

VI(B)(4) of the Complaint.

52586513v.1

**COMPLAINT ¶VI(B)(5):**

There is no evidence that she was unable to perform the duties of a Scrap Inspector or other job not within the area where she fell working as a Hot Metal Pourer.

**ANSWER:**

ArcelorMittal admits that Plaintiff executed the Scrap Inspector tasks.  ArcelorMittal denies the remaining allegations of Paragraph VI(B)(5) of the Complaint.

**COMPLAINT ¶VI(B)(6):**

There was evidence that the tragedy caused her a fear to enter the production floor where the accident took place and caused her PTSD.

**ANSWER:**

ArcelorMittal admits that Plaintiff did not wish to enter the production floor where her accident occurred.  ArcelorMittal lacks sufficient information to respond to the remaining allegations contained in Paragraph VI(B)(6) of the Complaint.  To the extent a response is required, ArcelorMittal denies the remaining allegations contained in Paragraph VI(B)(6) of the Complaint.

**COMPLAINT ¶VI(B)(7):**

She tendered a diagnosis from her psychologist regarding her PTSD.

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(B)(7) of the Complaint.

**COMPLAINT ¶VI(B)(8):**

Jennifer Spiegal, HR for Defendant, told her that neither the restrictions nor the psychologist's diagnosis of PTSD were sufficient.

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(B)(8) of the Complaint.

**COMPLAINT ¶VI(B)(9)(a):**

Defendants eventually and arbitrarily decided as of August 31, 2017, that:

Karmen could not work anywhere except for the administrative building; and

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(B)(9)(a) of the Complaint .

**COMPLAINT ¶VI(B)(9)(b):**

If she could pass the clerical battery test.

**ANSWER:**

ArcelorMittal admits that a clerical test may have been necessary to work in certain

positions within the administrative building.  ArcelorMittal denies the remaining allegations of

Paragraph VI(B)(9)(b) of the Complaint.

**COMPLAINT ¶VI(B)(10):**

There was no evidence again that she could not work as a Scrap Inspector given her
physical and mental restrictions and experience.

**ANSWER:**

ArcelorMittal admits that Plaintiff had experience executing Scrap Inspector tasks.

ArcelorMittal denies the remaining allegations of Paragraph VI(B)(10) of the Complaint.

**COMPLAINT ¶VI(D):**

Defendant's supervisors and managers were well aware of what Karmen had gone
through, her continuing diagnoses and her experience and training as a Scrap Inspector.

**ANSWER:**

ArcelorMittal admits that Plaintiff's managers and supervisors were aware of her

experience executing Scrap Inspector tasks.  ArcelorMittal denies the remaining allegations of

Paragraph VI(D) of the Complaint.

**COMPLAINT ¶VI(D)(1):**

Karmen applied for and was granted FMLA for the post concussive trauma diagnosis, but
did not use it.

**ANSWER:**

ArcelorMittal admits that Plaintiff applied for and was granted FMLA, but did not use it.

ArcelorMittal denies the remaining allegations of Paragraph VI(D)(1) of the Complaint.

**COMPLAINT ¶VI(D)(2):**

In October of 2014, Karmen underwent another medical procedure and:

**ANSWER:**

ArcelorMittal admits the allegations of Paragraph VI(D)(2) of the Complaint.

**COMPLAINT ¶VI(D)(3):**

Returned to work in November of 2014 as a Scrap Inspector.

**ANSWER:**

ArcelorMittal admits that Plaintiff was an Operating Technician executing Scrap

Inspector tasks in November 2014.  ArcelorMittal denies the remaining allegations of Paragraph

VI(D)(3) of the Complaint.

**COMPLAINT ¶VI(E)(1):**

On or about July 12, 2016:

Karmen's PTSD diagnosis was presented by John (Hulio) Martinez:

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(E)(1) of the Complaint.

**COMPLAINT ¶VI(E)(1)(a):**

Without Karmen's permission as part of a training class;

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(E)(1)(a) of the Complaint.

**COMPLAINT ¶VI(E)(1)(b):**

He referred to Karmen as being "crazy" while she suffered a breakdown in the training

class;

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(E)(1)(b) of the Complaint.

**COMPLAINT ¶VI(E)(1)(c):**

As she tried to explain the difficulty of being in that type of environment..[sic]

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(E)(1)(c) of the Complaint.

**COMPLAINT ¶VI(E)(2):**

As a result, Karmen suffered another breakdown; and

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(E)(2) of the Complaint.

**COMPLAINT ¶VI(E)(3):**

Was sent to the company clinic therapist, Ray Wojohoski

**ANSWER:**

ArcelorMittal admits that Plaintiff saw Ray Wojciechowski.  ArcelorMittal denies the

remaining allegations of Paragraph VI(E)(3) of the Complaint.

**COMPLAINT ¶VI(E)(3)(a):**

As ordered by Martinez; and

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(E)(3)(a) of the Complaint.

**COMPLAINT ¶VI(E)(3)(b):**

Another manager, Steve Keck

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(E)(3)(b) of the Complaint.

**COMPLAINT ¶VI(E)(4):**

The discussion with Ray was about Karmen's PTSD and this episode with Martinez.

**ANSWER:**

ArcelorMittal admits that Plaintiff saw Ray Wojciechowski.  ArcelorMittal denies the

remaining allegations of Paragraph VI(E)(4) of the Complaint.

**COMPLAINT ¶VI(E)(5):**

The Clinic had full knowledge of Karmen's condition.

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(E)(5) of the Complaint.

**COMPLAINT ¶VI(F):**

Defendant later claimed that her position was eliminated by a complete shutdown of the
plant within which she was injured.

**ANSWER:**

ArcelorMittal admits that the Scrap Inspector tasks for No. 2 Steel Producing were

eliminated when it shut down No. 2 Steel Producing.  ArcelorMittal denies the remaining

allegations of Paragraph VI(F) of the Complaint.

**COMPLAINT ¶VI(F)(1):**

However, the duties and procedures were still being performed.

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(F)(1) of the Complaint.

**COMPLAINT ¶VI(F)(2):**

Karmen was told to give her key to the scrap trailer to Karen Johnson who took over
Karmen's former job as a Scrap Inspector.

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(F)(2) of the Complaint.

**COMPLAINT ¶VI(F)(3):**

The job Karmen had still exists and she could then and can still do the duties of that job,
Scrap Inspector, wherever it might be.

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(F)(3) of the Complaint.

**COMPLAINT ¶VI(F)(4):**

Instead of accommodating Karmen, the move and her diagnosis were used to oust her from doing any work for Defendant.

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(F)(3) of the Complaint.

**COMPLAINT ¶VI(F)(5):**

Karmen had performed as Scrap Inspector:

**ANSWER:**

ArcelorMittal admits Plaintiff executed Scrap Inspector tasks.  ArcelorMittal denies the remaining allegations of Paragraph VI(F)(5) of the Complaint.

**COMPLAINT ¶VI(F)(5)(a):**

For three years with her restrictions and disability.

**ANSWER:**

ArcelorMittal admits that Plaintiff executed Scrap Inspector tasks for approximately two years and ten months.  ArcelorMittal denies the remaining allegations of Paragraph VI(F)(5)(a) of the Complaint.

**COMPLAINT ¶VI(F)(5)(b):**

The same job that was given to someone without any disabilities.

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(F)(5)(a) of the Complaint.

**COMPLAINT ¶VI(F)(5)(c):**

In any case, Al Pace, Scrap Department head, said that he wanted Karmen to stay; and

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(F)(5)(c) of the Complaint.

**COMPLAINT ¶VI(F)(5)(d):**

Perform the duties of Scrap Inspector after the 2BOF shutdown.

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(F)(5)(d) of the Complaint.

**COMPLAINT ¶VI(G)(1):**

As part of her efforts at getting an accommodation for a job, Karmen:

Returned to the clinic on June 6, 2017, with a copy of her diagnosis from her psychologist dated May 5, 2016.

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(G)(1) of the Complaint.

**COMPLAINT ¶VI(G)(2):**

Also provided a diagnosis from her neurologist she had previously submitted to Martinez.

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(G)(2) of the Complaint.

**COMPLAINT ¶VI(H)(1):**

Despite her submissions and contentions, Karmen was forced to go on S&A (medical) leave where she only received:

Seventy per cent of her base pay;

**ANSWER:**

ArcelorMittal admits that Plaintiff went on Sickness and Accident leave, during which

she was eligible to receive 70% of her base pay, based on a maximum of 40 hours per week.

ArcelorMittal denies the remaining allegations of Paragraph VI(H)(1) of the Complaint.

**COMPLAINT ¶VI(H)(2):**

No overtime pay;

13

**ANSWER**:

ArcelorMittal admits that Plaintiff went on Sickness and Accident leave, during which she was not eligible to be paid for overtime because she was not working.  ArcelorMittal denies the remaining allegations of Paragraph VI(H)(2) of the Complaint.

**COMPLAINT ¶VI(H)(3)**:

No allotment into her 401K; and

**ANSWER**:

ArcelorMittal admits that Plaintiff went on Sickness and Accident leave, during which time she was not eligible to contribute to her 401(k).  ArcelorMittal denies the remaining allegations of Paragraph VI(H)(2) of the Complaint.

**COMPLAINT ¶VI(H)(4)**:

Only a minimum percentage of bonuses given to other hourly employees.

**ANSWER**:

ArcelorMittal admits that Plaintiff went on Sickness and Accident leave, and was eligible for bonus pay to the extent earned prior to going on Sickness and Accident leave.  ArcelorMittal denies the remaining allegations of Paragraph VI(H)(2) of the Complaint.

**COMPLAINT ¶VI(I)(1)**:

The limitation to S&A leave was an adverse action because:

It was involuntarily invoked;

**ANSWER**:

ArcelorMittal denies the allegations of Paragraph VI(I)(1) of the Complaint.

**COMPLAINT ¶VI(I)(2)**:

It caused a reduction in income and other benefits offered to the non-disabled; and

14

**ANSWER:**

ArcelorMittal denies that allegations of Paragraph VI(I)(2) of the Complaint.

**COMPLAINT ¶VI(I)(3):**

It has either expired or will expire in the near future.

**ANSWER:**

ArcelorMittal admits that employees may be on Sickness and Accident leave for 52

weeks.  ArcelorMittal denies that remaining allegations of Paragraph VI(I)(3) of the Complaint.

**COMPLAINT ¶VI(J):**

The union representative told Karmen that Defendant does not consider a mental illness
or injury a disability, only physical disabilities count.

**ANSWER:**

ArcelorMittal denies that it does not consider mental illnesses a disability.  ArcelorMittal

lacks sufficient information to respond to the remaining allegations contained in Paragraph VI(J)

of the Complaint.  To the extent a response is required, ArcelorMittal denies the remaining

allegations contained in Paragraph VI(J) of the Complaint.

**COMPLAINT ¶VI(J)(1):**

She was told to stay on S&A leave to get something; however,

**ANSWER:**

ArcelorMittal denies it told Plaintiff to "stay on S&A leave to get something."

ArcelorMittal lacks sufficient information regarding what any Union Representatives told

Plaintiff.  ArcelorMittal denies the remaining allegations contained in Paragraph VI(J)(1) of the

Complaint.

**COMPLAINT ¶VI(J)(2):**

She turned in her mental diagnoses anyway.

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(J)(2) of the Complaint.

**COMPLAINT ¶VI(J)(3):**

Company representatives then claimed she could not perform the tasks required of a Scrap Inspector which she had done all along; or

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(J)(3) of the Complaint.

**COMPLAINT ¶VI(J)(4):**

Even work at the mill anymore at all because of her diagnoses.

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(J)(3) of the Complaint.

**COMPLAINT ¶VI(K):**

Defendant told her to test for a clerical position for which she was not initially qualified nor really interested.

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(K) of the Complaint.

**COMPLAINT ¶VI(K)(1):**

She did consider taking the testing battery anyway.

**ANSWER:**

ArcelorMittal lacks sufficient information to respond to the allegations contained in

Paragraph VI(K)(1) of the Complaint.  To the extent a response is required, ArcelorMittal denies

the allegations contained in Paragraph VI(K)(1) of the Complaint.

**COMPLAINT ¶VI(K)(2):**

She was required to do a walk through to show whether she could work in the plant again at all - she could.

16

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(K)(2) of the Complaint.

**COMPLAINT ¶VI(K)(3):**

Defendant's representative assumed she could not do her old job as a Scrap Inspector based on false assumptions surrounding her PTSD.

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(K)(3) of the Complaint.

**COMPLAINT ¶VI(K)(4):**

As a result of these activities, Karmen elected not to take the clerical battery since the outcome was pre-determined.

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VI(K)(4) of the Complaint.

**COMPLAINT ¶VI(L)(a):**

As of January 15, 2018:

The Scrap Inspector position was not phased out;

**ANSWER:**

ArcelorMittal admits that Scrap Inspector tasks exist at other divisions of its facility outside of No. 2 Steel Producing.  ArcelorMittal denies the remaining allegations of Paragraph VI(L)(a) of the Complaint.

**COMPLAINT ¶VI(L)(b):**

Karen Johnson was performing that job and other duties; and

**ANSWER:**

ArcelorMittal admits that Karen Johnson has executed Scrap Inspector tasks and other tasks during her employment with ArcelorMittal.  ArcelorMittal denies the remaining allegations of Paragraph VI(L)(b) of the Complaint.

17

**COMPLAINT ¶VI(L)(c):**

Was not disabled.

**ANSWER:**

ArcelorMittal admits the allegation of Paragraph VI(L)(c) of the Complaint.

**COMPLAINT ¶VI(L)(d):**

Karmen filed a complaint with Ron Allen, Human Resources, but

**ANSWER:**

ArcelorMittal denies the allegation of Paragraph VI(L)(d) of the Complaint.

**COMPLAINT ¶VI(L)(e):**

Nothing came of her complaint.

**ANSWER:**

ArcelorMittal denies the allegation of Paragraph VI(L)(e) of the Complaint.

**COMPLAINT ¶VI(J)[sic]:**

Karmen filed her charge with the EEOC when nothing else worked.

**ANSWER:**

ArcelorMittal admits that Plaintiff filed a charge with the EEOC.  ArcelorMittal denies

the remaining allegations of Paragraph VI(J) of the Complaint.

**COMPLAINT ¶VII:**

**CAUSE OF ACTION**

The allegations above state a claim for relief based on the policies and practices of Defendant and its employees and agents which deprived Plaintiff of the rights and privileges guaranteed her by federal law and Title I of the Americans with Disabilities Act of 1990 (ADA, 42 USC §12111), as amended by the ADA Amendments Act of 2008 (ADAAA). *See* 42 USC §12101 *et. seq.*

**ANSWER:**

ArcelorMittal denies the allegations of Paragraph VII of the Complaint.

### ANSWER TO "RELIEF REQUESTED" SECTION

ArcelorMittal denies that Plaintiff is entitled to any relief.  ArcelorMittal denies every remaining allegation in the Complaint that has not been separately and specifically admitted.

### AFFIRMATIVE AND OTHER DEFENSES

ArcelorMittal further asserts the following affirmative and other defenses.  In asserting these defenses, ArcelorMittal does not assume the burden of proof as to the matters that, pursuant to law, are Plaintiff's burden to prove.  ArcelorMittal reserves the right to plead any additional affirmative defenses as they become known during the pendency of this action.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted as to ArcelorMittal.

### SECOND DEFENSE

Plaintiff cannot maintain a claim against ArcelorMittal pursuant to the ADAAA, or otherwise, because ArcelorMittal has not discriminated against her on any basis prohibited by the ADAAA, or any other unlawful reason, or otherwise violated this law.

### THIRD DEFENSE

To the extent Plaintiff's claims are based on acts that occurred prior to any applicable statute of limitations, such claims are time-barred.

### FOURTH DEFENSE

To the extent Plaintiff failed to exhaust her administrative remedies and/or failed to comply with any procedural prerequisites prior to bringing her claims, this Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

### FIFTH DEFENSE

The Court's remedies, if any, must be made in accordance with the applicable collective bargaining agreement.

## SIXTH DEFENSE

ArcelorMittal had legitimate, non-discriminatory, non-retaliatory, and non-pretextual reasons for the employment actions it took.

## SEVENTH DEFENSE

To the extent Plaintiff alleges that any employee of ArcelorMittal acted in an unlawful manner, such conduct, if it occurred, was outside the course and scope of that individual's employment, was not authorized or condoned by ArcelorMittal, and was undertaken without the knowledge or consent of ArcelorMittal. Thus, ArcelorMittal is not liable for any such conduct, if it occurred.

## EIGHTH DEFENSE

ArcelorMittal avers that even if some impermissible motive were a factor in any employment decision concerning Plaintiff, a claim that ArcelorMittal expressly denies, the same decision(s) would have been reached for legitimate business reasons.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because ArcelorMittal exercised reasonable care to prevent and promptly correct any conduct alleged to violate the ADAAA, or any other applicable law, and because Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by ArcelorMittal or to avoid harm otherwise.

## TENTH DEFENSE

ArcelorMittal had reasonable cause to believe that Plaintiff was not a qualified individual with a disability because she posed a direct threat to the health or safety of other individuals or herself in the workplace.

20

## ELEVENTH DEFENSE

Plaintiff is not entitled to punitive damages because Defendant made good faith efforts to comply with all applicable laws, including the ADAAA.

## TWELFTH DEFENSE

Pleading in the alternative, Plaintiff cannot recover punitive or exemplary damages because the conduct about which Plaintiff complains, if wrongful, did not result from fraud, malice, or gross negligence.

## THIRTEENTH DEFENSE

To the extent Plaintiff failed to mitigate her alleged damages, Plaintiff's recovery, if any, must be reduced accordingly.

## FOURTEENTH DEFENSE

While it denies any liability to Plaintiff or that Plaintiff is entitled to any relief from or against it in this action, in the event any monetary relief is awarded to Plaintiff then ArcelorMittal would be entitled to a set-off or credit for all benefits and compensation of any type that Plaintiff has received during the time period relevant to this action and through the date such relief is awarded.

## FIFTEENTH DEFENSE

Plaintiff cannot recover damages as alleged, or any such damages recovered must be reduced, because Plaintiff caused or contributed to such damages by initiating the actions alleged to have caused her damages.

## SIXTEENTH DEFENSE

Plaintiff is barred and/or estopped from obtaining any relief by her own conduct, acts, omissions, and unclean hands.

52586513v.1

## SEVENTEENTH DEFENSE

Subject to further proof, Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or after-acquired evidence.

## EIGHTEENTH DEFENSE

Plaintiff is barred from any recovery because she has improperly sued an entity that never employed her.  At all times relevant Plaintiff was employed by ArcelorMittal USA LLC. Plaintiff was not employed by ArcelorMittal Burns Harbor LLC.

## NINETEENTH DEFENSE

ArcelorMittal reserves the right to assert additional affirmative defenses as may appear applicable during the course of this litigation, and hereby specifically reserve the right to amend this Answer for the purpose of asserting any additional affirmative defenses.

WHEREFORE, Defendant ArcelorMittal respectfully requests that the Court dismiss with prejudice Plaintiff's Complaint in its entirety, that judgment be entered in ArcelorMittal's favor, and that ArcelorMittal be awarded its costs, attorneys' fees, expenses, and any and all other relief the Court deems just and proper.

52586513v.1

DATED:  December 7, 2018

Respectfully submitted,

SEYFARTH SHAW LLP


By: */s/ Mark W. Wallin*

Mark W. Wallin, Bar No. 6304226
mwallin@seyfarth.com


SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
Telephone:     (312) 460-5000
Facsimile:      (312) 460-7000

Attorneys for Appellant
ACELORMITTAL BURNS HARBOR, LLC

23