UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KARMEN LEE DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18 CV 318 |
| | ) |
| ARCELORMITTAL USA, LLC, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before the court on defendant's motion to reconsider. (DE # 42.) For the reasons that follow, defendant's motion will be denied.

## I.     BACKGROUND

On March 5, 2021, this court granted in part, and denied in part, defendant ArcelorMittal USA, LLC's motion for summary judgment. (DE # 40.) This court granted summary judgment in favor of defendant on all of plaintiff's claims except plaintiff's hostile work environment claim. (*Id.*) The court acknowledged that plaintiff's argument in her response brief regarding her hostile work environment claim was underdeveloped, but held that defendant had the initial burden of establishing that there was no material question of fact on plaintiff's claims, and defendant's motion was silent as to plaintiff's hostile work environment claim. (*Id.*)

Defendant now moves this court to reconsider this latter finding. (DE # 42.) Defendant makes three arguments in support of its motion to reconsider. First, defendant argues that plaintiff did not plead a hostile work environment claim in her

amended complaint. (*Id.* at 2.) Second, defendant argues that plaintiff failed to exhaust her administrative remedies as to her hostile work environment claim. (*Id.*) Finally, defendant argues that it is entitled to summary judgment on plaintiff's hostile work environment claim. (*Id.* at 3.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) governs motions to reconsider orders other than final judgments. This rule states in relevant part: "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

"A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Dodd v. Warden*, No. 3:19-CV-29-DRL-MGG, 2019 WL 6700377, at *1 (N.D. Ind. Dec. 9, 2019) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). It is also appropriate where there is a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee*, 906 F.2d at 1191. However, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have

2

been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (internal citation and quotation marks omitted).

### III.    ANALYSIS

#### A.    *Plaintiff's Hostile Work Environment Claim*

Defendant argues that plaintiff did not plead a hostile work environment claim in her amended complaint. (DE # 42 at 2.) Plaintiff's amended complaint alleges that she suffered "discrimination in her pursuit of employment based on her disability in violation of federal discrimination laws . . .." (DE # 16 at 1.) Plaintiff alleges that her fall caused her to fear entering the production floor where her accident took place, that she suffered from PTSD from her fall, and that she provided her employer with her PTSD diagnosis. (*Id.* at 3.) She alleges that her supervisor, John Martinez, was aware of her diagnosis. (*Id.* at 4.) She alleges that Martinez presented her PTSD diagnosis without plaintiff's permission, as part of a training class, and referred to plaintiff as "crazy" when plaintiff suffered a breakdown during the training class. (*Id.*) She alleges that she tried to explain her difficulty with being in certain environments to Martinez, and that as a result of this incident with Martinez she suffered another breakdown. (*Id.*) Martinez and another supervisor sent her to see the company therapist, where she discussed the incident during the training session. (*Id.*) Plaintiff's stated cause of action is for violations of her rights under Title I of the ADA, without specifying any particular legal theory. (*Id.* at 7.)

3

The question before this court is whether defendant had notice of plaintiff's intent to pursue a hostile work environment claim. To ultimately prevail on a hostile work environment claim, plaintiff would have to show: "(1) unwelcome harassment; (2) based on a protected characteristic; (3) that was so severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment; and (4) a basis for employer liability." *Demkovich v. St. Andrew the Apostle Par., Calumet City*, 3 F.4th 968, 977 (7th Cir. 2021). However, at the pleading stage, the Federal Rules of Civil Procedure only require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[1]

Here, defendant had fair notice of plaintiff's intent to pursue a hostile work environment claim. Plaintiff was not required to use the words "hostile work environment" in her complaint. *See Jajeh v. Cty. of Cook*, 678 F.3d 560, 567 (7th Cir. 2012). Moreover, while plaintiff does not explicitly claim that Martinez "harassed" her, she spends a significant portion of her complaint detailing an incident in which Martinez humiliated her during a training session, where he described the incident underlying her PTSD diagnosis to other employees and called her crazy when she became upset.

---

[1] Of course, a complaint must also state a claim to relief that is plausible on its face. *Twombly,* 550 U.S. at 570. However, the only question properly before this court is whether defendant had notice of plaintiff's claim of hostile work environment.

Her complaint alleges that she was so upset by the incident that she suffered a "breakdown" and her supervisors sent her to speak to the company therapist. She claims that this incident constituted discrimination on the basis of her disability. These allegations were sufficient to give defendant fair notice of her hostile work environment claim. Plaintiff was "not required to plead with precision legal theories or detailed facts." *Id.* (quoting *Benuzzi v. Bd. of Educ. of Chicago*, 647 F.3d 652, 664 (7th Cir. 2011)).

B.    *Remaining Arguments*

Defendant makes two other arguments in its motion to reconsider. First, defendant argues that plaintiff failed to exhaust her administrative remedies regarding her hostile work environment claim. (DE # 42 at 2.) Second, defendant argues that it is entitled to summary judgment on plaintiff's hostile work environment claim. (*Id.* at 3-4.)

The problem with these arguments is that this is the first time defendant has raised them. The court cannot consider new arguments on a motion to reconsider. "Reconsideration is not an appropriate forum for . . . arguing matters that could have been heard during the pendency of the previous motion." *Ahmed*, 388 F.3d at 249 (cleaned up). Defendant could have moved for summary judgment on the grounds it now identifies, but it did not.  However, because these issues are potentially dispositive, and may ultimately conserve judicial resources, defendant will be granted leave to file a second motion for summary judgment, if it believes such a motion is appropriate.

Finally, defendant has requested a hearing to address issues related to plaintiff's exhaustion of administrative remedies. As the court finds that the issue of plaintiff's exhaustion is not properly before the court, the motion for hearing will be denied.

## IV.   CONCLUSION

For these reasons, the court **DENIES** defendant's motion for reconsideration. (DE # 42.) The court **GRANTS** defendant's motion for extension of time. (DE # 46.) The court **DENIES** defendant's motion for hearing. (DE # 49.) The court **GRANTS** defendant 14 days to file any additional motion for summary judgment, with response and reply deadlines to follow, as set forth in the Local Rules.

**SO ORDERED.**

Date: January 21, 2022

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT