# IN THE
# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

## Cause No. 2:18-cv-00318-JTM-JEM

KARMEN LEE DAVIS,                                                                                  Plaintiff,
   v.
ARCELORMITTAL USA, LLC,
 (formerly Arcelormittal Indiana Harbor, LLC),                                        Defendant.

## MEMORANDUM IN SUPPORT OF RESPONSE TO
## DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT

### I.  INTRODUCTION

This civil action was brought, in part, by Plaintiff, Karmen Lee Davis [Karmen], against her employer, Arcelormittal USA, LLC (formerly Arcelormittal Indiana Harbor, LLC) [Defendant], because of a hostile work environment which caused Karmen in her pursuit of employment to suffer discrimination based on her disability in violation of federal discrimination laws causing Plaintiff to suffer mental anguish, humiliation, diminishment of her quality of life, lost income and employment benefits.

### II.  DESIGNATED MATERIALS RELIED UPON FOR SUPPORT

A.   All materials listed by Defendant in support of its Second Motion for Summary Judgment.

B.   Affidavit of Karmen Davis, Plaintiff's Exhibit 1 [Karmen Aff].

C.   Second Affidavit of Karmen Davis, Plaintiff's Exhibit 5 with attached Exh 4.

D.   Plaintiff's Amended Complaint filed in this matter.

### III.  STATEMENT OF DISPUTED MATERIAL FACTS

A. On or about July 12, 2016, Karmen's PTSD diagnosis was presented by her supervisor, John (Hulio) Martinez (Martinez):

    1. Without Karmen's permission as part of a training class in which he knew she was participating;

    2. He referred to Karmen as being "crazy" causing her to suffer a breakdown in the training class;

    3. This as she tried to explain the difficulty of being in that type of environment [Pltf Exh 1, ¶I.1, pg 1; Pltf Exh 4, pgs 4, 7].

B. As a result, Karmen suffered another breakdown; and

    1. Was sent to the company clinic therapist, Ray Wojohoski

    2. As ordered by Martinez; and

    3. Another manager, Steve Keck [Pltf Exh 1, ¶I.2-3, pg 1; Pltf Exh 4, pg 7].

C. The discussion with Ray was about Karmen's PTSD and this episode with Martinez [Pltf Exh 1, ¶I.4, pgs 1-2].

D. The Clinic had full knowledge of Karmen's condition [Pltf Exh 1, ¶I.5, pg 2: Pltf Exh 4, Pg 4].

E. Jennifer Spiegel, Human Resources, denied Karmen even had a disability because PTSD was a mental and only physical problems can be a disability.  Further, she stated that only physical restrictions would be honored [; Pltf Exh 4, pg 3]

F. When Karmen complained to management about Martinez's actions, nothing was done about him and nothing changed [Pltf Exh 1, ¶I.6, pg 2].

G. Despite Karmen's attempt later to stay away from Martinez:

      1.    He often came into the scrap trailer where Karmen worked; and

      2.    Within the conversations threatened to "put me back into the shop."

      3.    This pattern of behavior was condoned by Defendant time after time: and

      4.    Only ceased when Martinez was finally released from any position at Defendant's facility as of January 10, 2020 [Exh 1, Karmen Aff, pgs 1-2; Amended Complaint, pg 4-6, ¶¶VI.D-G].

H.    Jose Flores, Sr. was employed by Defendant from 2007 to the present;

      1.    Jose worked under the direct supervision of Martinez; and

      2.    Was constantly harassed by Martinez; however

      3,    Jose's two complaints to Defendant's Human Resources Department about the harassment resulted in no action being taken [Exh 2, Flores Affidavit].

I.    Trent Briner:

      1.    Is an outside contract driver who delivers scrap and raw material to Defendant's plants.

      2.    Immediately after 2SP closed in May of 2017:

            a.    Trent continued to deliver to the 4SP scrap yard to Karen Johnson; and

            b.    New hire, Scott Moore, the new scrap inspecter who was being trained by Johnson [Exh 3, Trent Briner Affidavit].

J.    All the facts set forth in Defendant's "Statement of Material Facts," Parts A-E.

K.    Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) as Charge Number 846-201730278 on September 6, 2017.

      1.    She amended it on or about July 28, 2017 and January 15, 2018 by two letters directed to the EEOC [ Pltf Exh 5, ¶¶ 3, 4; Pltf Exh 4, pgs 3-6 and 7-11].

      2.      The EEOC issued a "Notice of Right to Sue" to Plaintiff on or about May 29, 2018, which she received on or after June 4, 2018 [Amended Complaint, Paragraph II.E, Pg 2].

L.    All the facts set forth in Pltf Exh 5 and attached Exh 4 are incorporated by reference and made a part of this "Statement of Disputed Material Facts."

### IV. AMENDED CHARGE

In lieu of Part F of Defendant's "Statement of Material Facts," the Court is directed to Pltf Exh 5 and her attached Exh 4 which sets out Plaintiff's Amended Charge submitted to the EEOC.

Defendant argues that Plaintiff failed to exhaust her administrative remedies; however, that is not true. Plaintiff amended her charge on July 28, 2017 and January 15, 2018, well before the EEOC issued its Notice of Right to Sue onMay 29, 2018. The amended charge contains a litany of facts when taken as a whole allege a hostile work environment because of her disabilities. It is not likely that a single act or statement will state a claim for a hostile work environment. However, that is not what Plaintiff faced. The undisputed facts show that Karmen was constantly being challenged and tested keeping her from working when she had a job that she could do despite her disability which was jerked from her grasp based on pretextual reasons.

That Plaintiff was not sophisticated enough to use the magic words "hostile work environment" or a similar phrase is of no moment. The EEOC explains, "Harassment becomes unlawful where 1) enduring the offensive conduct becomes a condition of continued employment, or 2) the conduct is severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive [https://www.eeoc.gov/harassment]." *See Townsend v. Benjamin Enterprises, Inc*, 679 F.3d 41, 53 (2d Cir. 2012) ("The EEOC's Enforcement Guidance [interpreting Title VII] is entitled to deference to the extent it has the power to

-4-

persuade.") "Our case law is clear that when the same individuals engage in some harassment that is explicitly discriminatory and some that is not, the entire course of conduct is relevant to a hostile work environment claim." *Rasmy v. Marriott Int'l Inc.,* 952 F3d 379, 388 (2nd Cir 2020).   This suggests that we should look at what is going on from the employee's point of view; rather, than the employer's view point.  If we do not, then the law cannot do what was intended when enacted.

### V.  ARGUMENT ON MARTINEZ PROBLEM

Not really addressed by Defendant's Motion for Summary Judgment is Karmen's stated claim of discriminatory harassment based on her disability (Martinez Problem). [Karmen Aff, pgs 1-2; Amended Complaint, pgs 4-5, ¶¶D-E (Complaint)].  *See* Def Memo, pg 23, ¶A.1.b.2.  In that sub-paragraph, Defendant claims that the Martinez Problem was not brought to the attention of Karmen's employer.  Even if that was true, it necessarily implies that Martinez was just another employee; however, that was not the case since he was her direct supervisor.  *See* Exh 1, Karmen Aff, pgs 1-2 *and* Exh 2, Flores Affidavit.

In the case of *Vance v Ball State University*, 570 US 421 (2013), the Court in a Title VII case held that an employee is a supervisor for purposes of vicarious liability if he or she is is empowered by the employer to take tangible employment actions against the victim.  *See* [https://www.supremecourt.gov/opinions/12pdf/11-556_11o2.pdf]   That is what Martinez did repeatedly.

The EEOC in its "Enforcement Guidance on Vicarious Employer Liability for Unlawful Harassment by Supervisors" opined that the vicarious liability rule formulated by the *Vance* Court applies to unlawful harassment on all covered bases.  In its notes, the EEOC listed the Courts which appear to have followed the rule in other types of discrimination cases.  *See* [https://www.eeoc.gov/laws/guidance/enforcement-guidance-vicarious-liability-unlawful-harass

ment-supervisors]. Defendant makes no claim nor offers evidence that Martinez was not a supervisor employed by Defendant and had take action against his victim, Karmen.

Since Martinez was Karmen's supervisor and did a number of things affecting her work and assignments based on her disabilities, Defendant is vicariously liable for Martinez's methods and misdeeds including disability discrimination or harassment. The undisputed facts show that Karmen has stated a claim against Defendant for the violations committed by Martinez against Karmen set forth above. As to that claim, Defendant's motion for summary judgment should be denied.

## VI.  THE SILK ARGUMENT

Defendant argues that the test for a hostile work environment is a higher hurdle than the evidence Plaintiff presents because the Seventh Circuit had raised the bar in *Silk v City of Chicago*, 194 F3rd 788 (7th Cir 1999). That as bad as the environmental harassment was for the Plaintiff, Officer Silk, did not show that it altered the conditions of his employment, that is, it had little or no effect on his job. *Id*. At 807-08. This is not the case with Karmen's job where the obstacles to her working were continuous forcing her not to work for long periods of time. Except for the time she worked at a Scrap Inspector for three years, her path of employment was hurdle after hurdle caused by the harassment detailed above. *See* Pltf Exh 4. Pgs 3-11.

Karmen faced not only challenges to her mental state because of the comments, she faced demands for medical proof when the PTSD she suffered was recognized and real. She could do the job as Scrap Inspector, but that was denied because someone else had the job and at another time that the job no longer existed when if fact it did. Those moves kept her from doing the job she proved she could do. That was an alteration of her employment that rose to above the standard set by the *Silk* court. This case should go to trial and to allow the trier of fact decide who

to believe or not.

## VII.  CONCLUSION

For the reasons discussed above, Plaintiff requests the Court to deny Defendant's Second Motion for Summary Judgment  and to grant any other relief appropriate under the circumstances.

>Respectfully submitted
>*/S/ John Emry*
>John Emry, 8360-49
>Attorney for Plaintiff
>62 W. Jefferson Street
>Franklin, IN  46131-2311
>317-736-5800 (O); 317-736-6070 (FAX)
>317-501-4784 (M)
>E-mail: johnemry1@yahoo.com

## CERTIFICATE OF SERVICE

I certify that Plaintiff's **Memorandum in Support of Response to Defendant's Second Motion for Summary Judgment**" with Exhibits 5 and 4 were e-filed via the CM/ECF system on March 4, 2022, with notification to all counsel of record.

>*/S/ John Emry*
>John Emry

JE/jwe//DavisKarmenResponse2dSJ