UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KARMEN LEE DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18 CV 318 |
| | ) |
| ARCELORMITTAL USA, LLC, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before the court on defendant's second motion for summary judgment. (DE # 52.) For the reasons that follow, defendant's motion will be granted.

## I.   BACKGROUND[1]

This employment discrimination case arises from plaintiff Karmen Lee Davis' employment with defendant ArcelorMittal USA, LLC. (DE # 16.) Plaintiff's remaining claim against defendant is one for hostile work environment under the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq.*, arising out of interactions she had with her manager, John Martinez. (*See* DE # 40.)

In September 2017, prior to filing this lawsuit, plaintiff submitted a Charge of Discrimination to the Equal Employment Opportunity Commission (EEOC). (DE # 54-4 at 2.) Plaintiff's charge states:

---

[1] The following facts are undisputed for purposes of defendant's motion, unless otherwise noted.

> I was hired by ArcelorMittal in March 2013 as a Laborer. I have worked most recently as a Scrap Inspector/Hot Petal Pourer. My immediate supervisor is Andre Joseph.
>
> On June 5, 2017 I went to work in a new department, but following orientation I was unable to do so because of my disability. I was told by HR Rep Jennifer Spiegel, that my condition was not medical and that if I did not go into the plant, I would be insubordinate and required to go to the clinic. Spiegel told me that the only restrictions she was obligated to follow were my "M" code/physical ones which did not hinder me from entering the plant. I refused to enter the plant and was driven to the clinic to be assessed. I later inquired about returning to the job I had been performing following my work accident, as it was still available and being performed. Spiegel told me that the position was temporary and the department was closing so it would no longer be available. I was told that my disability could no longer be accommodated and that I was placed on S&A. As of current (sic), 2017 the position has not been phased out and is being performed by Karen Johnson even though Johnson had a bid in another department and was not required to move.
>
> I believe that I am being discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

(*Id.* at 2-3.)

Plaintiff submitted a letter to the EEOC dated in January 2018, purporting to amend her original charge. (DE # 48-1 at 4.) The portion of that letter relating to her claims against Martinez states:

> As a result of not being able to complete that safety training, upon explaining the situation and being very distraught to my supervisor Hulio [John] Martinez, he proceeded to call me crazy several times and dismiss it as not a big deal. This was done in front of another supervisor Steve Keck. He sent me to the company clinic to talk to the company therapist, Ray Wojohosky.

(*Id.* at 5.)

2

On March 5, 2021, this court granted in part, and denied in part, defendant's motion for summary judgment. (DE # 40.) This court granted summary judgment in favor of defendant on all of plaintiff's claims except plaintiff's hostile work environment claim. (*Id.*) The court gave defendant leave to file a second motion for summary judgment addressing plaintiff's hostile work environment claim (DE # 50), which defendant filed, and which is now before this court. (DE # 52.)

Defendant seeks summary judgment on plaintiff's hostile work environment claim on two grounds. First, defendant argues that plaintiff failed to exhaust her administrative remedies with respect to her hostile work environment claim. (DE # 53 at 6.) Second, defendant argues that plaintiff's hostile work environment claim fails as a matter of law because the actions of plaintiff's manager were not sufficiently severe or pervasive to constitute a hostile work environment. (*Id.* at 7-9.) This matter is fully briefed and is ripe for ruling.

II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In responding to a motion for summary judgment, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Palmer v. Marion County*, 327 F.3d 588, 595

3

(7th Cir. 2003). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson*, 477 U.S. at 248; *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995).

### III.    DISCUSSION

Defendant argues that it is entitled to summary judgment because plaintiff failed to exhaust her administrative remedies with respect to her hostile work environment claim. (DE # 53 at 6.) "An ADA plaintiff must file a charge with the EEOC before bringing a court action against an employer. [A] plaintiff is barred from raising a claim in the district court that had not been raised in his or her EEOC charge unless the claim is reasonably related to one of the EEOC charges and can be expected to develop from

4

an investigation into the charges actually raised." *Riley v. City of Kokomo*, 909 F.3d 182, 189 (7th Cir. 2018) (internal citations and quotation marks omitted). "To be 'like or reasonably related,' the relevant claim and the EEOC charge 'must, at minimum, describe the same conduct and implicate the same individuals.'" *Moore v. Vital Prod., Inc.*, 641 F.3d 253, 256–57 (7th Cir. 2011) (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994)). "This rule serves two purposes: affording the EEOC the opportunity to settle the dispute between the employee and employer, and putting the employer on notice of the charges against it." *Sitar v. Indiana Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003). "Courts review the scope of an EEOC charge liberally." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 831 (7th Cir. 2015).

Plaintiff does not dispute that her original EEOC charge did not contain allegations of hostile work environment or claims of harassment. (*See* DE # 55 at 4.) Rather, she claims that the January 2018 letter she sent to the EEOC amended her charge, and her amended charge included allegations that, taken as a whole, allege a hostile work environment. (*Id.*)

An EEOC charge may be amended "to clarify and amplify allegations made therein." 29 C.F.R. § 1601.12(b). However, an amendment may only clarify, amplify, or allege additional facts that are related to, or grow out of, the subject matter of the original charge. *Id.*; *see also Cheek,* 31 F.3d at 503 (new allegations in letter purporting to amend EEOC charge could not expand scope of allegations in original charge).

5

In this case, it is undisputed that plaintiff's original charge did not contain any allegations of harassment or hostile work environment. In her attempt to amend her original charge, plaintiff was permitted to clarify, amplify, or allege additional facts that are related to, or grow out of, the subject matter of the original charge: failure to accommodate and disparate treatment. However, she was not permitted to amend her original charge to add an entirely new form of discrimination, as she now claims to have done. Plaintiff's hostile work environment claim did not relate to, or grow out of, her original claims of failure to accommodate or disparate treatment. *See e.g. Cheek*, 31 F.3d at 503 ("When an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are not reasonably related to them unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge. Ordinarily, a claim of [] harassment cannot be reasonably inferred from allegations in an EEOC charge of [] discrimination."). Plaintiff's claim of hostile work environment cannot be reasonable inferred from the allegations in her EEOC charge.[2] Accordingly, plaintiff failed to exhaust her administrative remedies with respect to her hostile work environment claim and defendant is entitled to summary judgment in its favor.

---

[2] The court notes that there is no evidence or claim that the EEOC actually considered any claim of harassment or hostile work environment in resolving plaintiff's charge. *See id.* at 505 ("[I]f the EEOC considered the allegation of sexual harassment against Crady to be a permissible amendment to Cheek's EEOC charge and therefore investigated Crady's conduct, the allegation of sexual harassment should be treated as if it were part of the charge.").

## IV.	CONCLUSION

For these reasons, defendant's motion for summary judgment (DE # 52) is **GRANTED.** The court directs the Clerk to **ENTER FINAL JUDGMENT** stating:

Judgment is entered in favor of defendant ArcelorMittal Burns Harbor, LLC, and against plaintiff Karmen Lee Davis, who shall take nothing by way of the complaint.

**SO ORDERED.**

Date: April 15, 2022

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT